UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MELVIN FORD, | ) | 1: 04 CV 6413 OWW DLB P |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATIONS RE |
| v. | ) | DISMISSAL OF ACTION FOR |
| | ) | FAILURE TO STATE A CLAIM |
| DR. J. NEUBARTH, et.al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff is a state prisoner proceeding pro per and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983. On December 13, 2004, the Court dismissed plaintiff's complaint for failure to state a claim and granted plaintiff leave to file an amended complaint. Pending before the Court is plaintiff's amended complaint. The amended complaint suffers from the same deficiencies as the original complaint and therefore, for the reasons explained below, the Court recommends that this action be dismissed in its entirety.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28

1  U.S.C. § 1915(e)(2).  If the Court determines that the complaint fails to state a claim, leave to amend
2  may be granted to the extent that the deficiencies of the complaint can be cured by amendment.
3  Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

4        In the amended complaint, plaintiff alleges that on January 29, 2004, he filed a grievances
5  regarding problems with his left foot which he alleges had drainage and puss coming out of his big
6  toe.  He alleges that defendant Dr. Kim did not address his problem.  He contends that on the second
7  level of review, defendant Dr. Baroya referred him to medical but his feet were now at the point
8  where it was difficult to walk.  Plaintiff alleges that when he arrived at the California Correctional
9  Institution, defendant John Doe #1 took away his soft top shoes which were issued to plaintiff by
10 Pleasant Valley State Prison.  On March 19, 2004, plaintiff alleges that defendant Dr. Yin took him
11 off his prescribed neuropathy medication and instead gave him a small tub to soak his feet in.  He
12 alleges that by May 2004, his right foot had a three (3) inch long callous and on July 21, 2004, he
13 was placed in the Main Clinic for five (5) days because his left foot was draining.  Plaintiff alleges
14 that he was still required to wear boots which caused callouses and lacerations on his feet.  Plaintiff
15 alleges that he asked to see a podiatrist on numerous occasions but each time was denied by
16 defendant Dr. Kim.  Dr. Kim gave plaintiff a chrono for special shoes but plaintiff could not afford
17 the shoes.

18       On November 16, 2004, plaintiff was given medication for infection in his big right toe but
19 he alleges that he went back on November 17, 2004 to ask the medication to be increased and was
20 denied.

21       A prisoner's claim of inadequate medical care does not constitute cruel and unusual
22 punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical
23 needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  The "deliberate indifference" standard involves
24 an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms,
25 "sufficiently serious."  Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501
26 U.S. 294, 298 (1991)).  Second, the prison official must act with a "sufficiently culpable state of
27 mind," which entails more than mere negligence, but less than conduct undertaken for the very
28

purpose of causing harm.  Farmer v. Brennan, 511 U.S. at 837.  A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06.  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997)(en banc).  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).  A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Deliberate indifference can be manifested by prison guards intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.  Estelle v. Gamble, 429 U.S. at 104-05.  However, where a prisoner alleges a delay in receiving medical treatment, the prisoner must allege that the delay led to further injury.  McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled on other grounds, WMX Techs, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997); Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

Plaintiff's allegations are once again insufficient to state a claim for deliberate indifference to medical needs.  Plaintiff describes health problems that he has experienced during his incarceration and his disagreement with the way defendant doctors have handled his treatment, but these allegations do not constitute deliberate indifference.  It is apparent that plaintiff has many problems

with his feet and that he is in discomfort.  However, it appears that defendants have responded to and addressed plaintiff's foot problems, just not as plaintiff would prefer.  Plaintiff's dissatisfaction with his medical care does not rise to the level of a constitutional violation.  Plaintiff acknowledges Dr. Kim's recommendation of special shoes and admits that he could not afford them.  Although plaintiff alleges that Dr. Yin took him off prescribed medication, he also states that Dr. Yin recommended alternative treatment for his foot condition.  He was also treated for infection; however he thought the medication should be stronger.  It is clear that plaintiff simply does not agree with the treatment defendants have provided but it is also clear that treatment has been provided.  A difference of opinion between plaintiff and prison medical authorities regarding treatment does not state a claim.  <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1344 (9th Cir. 1981).  Plaintiff does not have a constitutional right to the best treatment available or to dictate the level of his care.  These allegations do not state a claim for deliberate indifference.

In accordance with the above, IT IS HEREBY RECOMMENDED that plaintiff's amended complaint be dismissed without leave to amend.  The Court recommends dismissal without leave to amend because plaintiff has already been advised of the deficiencies and granted an opportunity to file an amended complaint.  His amended complaint once again fails to state facts sufficient to state a cognizable claim for deliberate indifference to a serious medical need.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these findings and recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    April 29, 2005                                /s/ Dennis L. Beck**

3c0hj8                                             UNITED STATES MAGISTRATE JUDGE